# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                    Plaintiff,           :      Case No. 1:13-cr-025

                                                    District Judge Susan J. Dlott

      -  vs  -                      Magistrate Judge Michael R. Merz

FREDERICK BENTON III,

                    Defendant.          :

---

# REPORT AND RECOMMENDATIONS

---

This case is before the Court for initial review of Defendant Benton's Motion to Vacate Sentence under 28 U.S.C. § 2255 (ECF No. 607). Although the Motion was docketed as "Motion to Reduce Sentence – USCC Amendments," it is captioned as "Motion to Correct Sentence under 28 U.S.C. § 2255." *Id.* at PageID 2157. Thus these proceedings are subject to the Rules Governing § 2255 Proceedings, Rule 4(b) of which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

1

The § 2255 proceedings in this case have been referred to the undersigned by District Judge Dlott (ECF No. 608).

Benton claims the benefit of *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), the Supreme Court found the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to be unconstitutionally vague. *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review. *Welch v. United States*, 576 U.S. ___, 136 S. Ct. 1257 (2016); *In re: Windy Watkins*, 810 F.3d 375 (6th Cir. 2015). Benton asserts the residual clause of the career offender Sentencing Guideline is unconstitutional on the same basis as *Johnson* and indeed the Sixth Circuit has so held. *United States v. Pawlak*, ___ F.3d ___, 2016 U.S. App. LEXIS 8798 (6th Cir. May 13, 2016).

**Procedural History**

Benton was indicted February 20, 2013, and charged with conspiracy to distribute heroin and crack cocaine (Count One) and maintaining a premises for the distribution of heroin (Count Three)(Indictment, ECF No. 1). On March 6, 2014, he entered into a written Plea Agreement with the United States under which he agreed to plead guilty to Count One (ECF No. 354). On the same day, Judge Dlott conducted a plea colloquy and referred the case to the Probation Department for preparation of a Presentence Investigation Report ("PSR"). Having considered the PSR, Judge Dlott on April 14, 2015, sentenced Benton to 125 months imprisonment (Minute Entry, ECF No. 561; Judgment, ECF No. 573). Benton took no appeal so his conviction became final April 28, 2015. The instant § 2255 Motion was filed June 14, 2016.

# Analysis

In imposing sentence, Judge Dlott adopted the PSR and found an advisory sentencing guideline range of 262 to 327 months, deriving from a total offense level of 34 and a criminal history category of VI (ECF No. 574, PageID 1999). The sentence imposed was below the guideline minimum pursuant to a defense motion to which the Government had objected. *Id.*

The PSR recommended finding Benton was a career offender under the Guidelines because the offense of conviction was a controlled substance offense and Benton had two qualifying predicate offenses, to wit, a drug trafficking conviction in Kenton County, Kentucky, Circuit Court for drug trafficking, a controlled substance offense, and failure to comply with the lawful order of a police officer, which the PSR categorized as a crime of violence (PSR ¶ 100).

Benton attacks the career offender calculation on the basis that failure to comply with the lawful order of a police officer can no longer qualify as a crime of violence after *Johnson*, citing *United States v. Rivera*, 620 Fed. Appx. 390 (6th Cir. 2015). *Rivera* was a direct appeal from an ACCA conviction. The district court had found a conviction for failure to comply under the same Ohio statute at issue here, Ohio Revised Code § 2921.331(C)(5)(a), was a violent felony under the ACCA's residual clause, the same clause which the Supreme Court had found unconstitutional in *Johnson* less than a month before *Rivera* was decided.

The Sixth Circuit in *Rivera* was reviewing an explicit finding that a prior conviction was a violent felony under the residual clause. *Rivera* does not constitute a holding that a conviction under Ohio Revised Code § 2921.331 can never constitute a violent felony for federal sentencing purposes. The statute appears to be divisible and a conviction for a violation of that statute which actually caused serious physical harm to another might qualify. The point is moot,

3

however, because the PSR did not state on what portion of the career offender guidelines its classification of the failure to comply conviction rested.  The Magistrate Judge will assume *arguendo* that the residual clause was relied on and that reliance is now foreclosed by *Pawlak, supra.*

However, Benton's offense level was not determined by this career offender calculation. As the PSR reports, when the "otherwise applicable offense level is higher than the offense level determined under U.S.S.G. § 4B1,1," the higher offense level governs, which was the case here because Benton's offense level applying the career offender enhancement would have been 34, but without that enhancement it was 37. *Id.*  at ¶ 101.  Although Judge Dlott adopted the PSR, that does not imply Benton was sentenced under the career offender guidelines, because that classification was overridden by other guideline considerations as just enumerated.  Therefore the arguable reliance of the PSR on the residual clause is immaterial.

The failure to comply conviction is immaterial for another reason as well.  If it were entirely put to one side and if being a career offender mattered, Benton would still qualify as a career offender because he has sufficient other predicate felony convictions to qualify.  The PSR reports a felony conviction for possession of crack cocaine on January 21, 1998, in Hamilton County Common Pleas Court Case No. B9709155 (PSR ¶ 112).[1]  It also reports a conviction in the same court on the same day for a separate felony crack case. *Id.*  at ¶ 114.  It reports a crack cocaine conviction on January 22, 2004, also in Hamilton County Common Pleas Court. *Id.*  at ¶ 119.  Thus entirely disregarding the failure to comply conviction, Benton had three other

---

[1]  The PSR also reports a trafficking in cocaine conviction on October 23, 1998, in Kenton County, Kentucky, Circuit Court Case No. 98CR00088. *Id.*  at ¶ 113.  This conviction was used in the career offender calculation at ¶ 100.

qualifying predicate felony convictions.  If his career offender status were material in this case – which it is not – he would qualify without counting the failure to comply conviction.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the instant § 2255 Motion be DISMISSED WITH PREJUDICE.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 8, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).

6