IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| United States of America, | : | |
|---|---|---|
| Plaintiff, | : | Case No. 1:13-cr-25(3) |
| | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Denying Defendant's Motion to |
| Frederick Benton III, | : | Terminate Supervised Release |
| | : | |
| Defendant. | : | |

This matter is before the Court on Defendant Frederick Benton III's second Motion to Terminate Supervised Release. (Doc. 821.) The Government has filed a Response in opposition. (Doc. 823.) Benton pleaded guilty, on March 6, 2014, to conspiracy to possess heroin with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i), and 846. The Court sentenced him to a 125-month term of imprisonment followed by a 7-year term of supervised release, a sentence below the advisory Sentencing Guidelines range of 262 to 327 months. (Docs. 573, 574.) He was released from prison on or about March 24, 2022, and he has served almost three years of supervised release. Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last viewed 1/15/2025).

Benton moves the Court, for the second time, to terminate his supervised release. The Court denied his first Motion to Terminate Supervised Release approximately thirteen months ago. (Docs. 806, 807.) Benton again argues that that he is leading a productive life by working full-time, being an active parent, and serving his community. (Doc. 821 at PageID 3229.) The Court commends Benton for his good behavior, but the Court will deny his request to terminate supervised release for the reasons stated by the Government.

1

A district court generally has discretion—after considering the sentencing factors listed in 18 U.S.C. § section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—to terminate a term of supervised release after one year if the court is satisfied that "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Here, the Court reconsidered those sentencing factors four years ago when it denied Defendant's Motions for Compassionate Release and last year when it denied his first Motion to Terminate Supervised Release. (Docs. 717, 807.) The Court again concludes that the interests of justice and the sentencing factors weigh against any reduction of Benton's sentence, especially considering that the Court gave Benton a term of imprisonment well below the advisory guidelines sentencing range. Moreover, the crime to which Benton pleaded guilty—18 U.S.C. § 841(b)(1)(B)(i)—statutorily mandates a supervised release term of at least four years. Benton has been on supervised release for less than three years and is ineligible to have his term of supervised release terminated.

For these reasons, Benton's second Motion to Terminate Supervised Release (Doc. 821) is **DENIED**.

**IT IS SO ORDERED.**

BY THE COURT:

_Susan J. Dlott_
Susan J. Dlott
United States District Judge